Commonwealth ex rel., Appellant, *v.* McKinniss, Superintendent, et al.

Argued November 28, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Oliver K. Eaton,* with him *Fred B. Trescher,* for appellant.

*Charles H. Bode,* with him *Willis E. Topper,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, January 7, 1935:

Kathleen C. Crombie appeals from the action of the court below in directing her to remain until further order in the Torrance State Hospital, under the care of its superintendent.

Appellant, after having been in several institutions where persons are treated for mental disease, was committed, on July 12, 1932, by certificate of two physicians, to the Torrance State Hospital. October 29, 1932, she sued out a writ of habeas corpus. After hearing, she was recommitted for further care and treatment. May 18, 1933, on petition of her father, the court paroled her in his and her mother's custody for a period of five years. July 8, 1934, her father filed a petition praying that the order of parole be revoked and it was vacated, and she was recommitted to the institution. July 29, 1934, appellant presented her petition to set aside the order of recommitment. A hearing was held and a motion was made to discharge appellant from the hospital on the ground that the court was without jurisdiction to revoke the parole order and to recommit her. The court refused the mo-

tion and directed her to remain in the institution until further order. We are asked to review this action.

Broadly stated, the contention of appellant's able counsel is that under the provisions of the Mental Health Act of July 11, 1923, P. L. 998, 50 P. S., section 1, the revocation of the parole order was invalid and his client is entitled to be set at liberty and relieved of restraint; that the court had no power to parole appellant in the first instance, and, after she had been out of the institution on parole for more than a year, the court had no authority to recommit her. For the latter position, reliance is placed upon section 412 of the Mental Health Act (50 P. S., section 88), which provides: "Any mental patient, except such as has been charged with any crime and acquitted on the ground of insanity, or arraigned or convicted, who has been absent, with or without leave, for a period of twelve months continuously from the hospital in which he was under care, shall be deemed to be discharged from the said hospital and cannot be readmitted except as provided by law in article III of this act."

As before stated, appellant at the time of her recommitment to the hospital had been absent therefrom in pursuance of her parole for more than twelve months. A reading of prior sections of the act leads to the conclusion that section 412 applies to persons who have been absent from the hospital for more than twelve months as a result of the action of the superintendent or other official; it does not apply to persons absent under a court order. Section 407 provides that the superintendent in his discretion may allow a leave of absence for a period not exceeding twelve months. Other sections provide for the discharge by the Department of Public Welfare, by the board of trustees, and by the court. The section dealing with discharge by the court (50 P. S., section 86) confers very broad powers. It says: "Any proper court shall have the power and authority to order and compel the discharge of any mental patient committed by such court to any mental hospital if, upon hearing, it shall be

made to appear that such discharge is for the best interests of the patient and not incompatible with the public welfare and safety." It will be seen that there is no limitation upon this power of discharge. It may be permanent or it may be upon terms, the welfare of the patient being the guiding consideration. Sight must not be lost of the fact that appellant had invoked the powers of the court to bring about her discharge through habeas corpus, and in that proceeding the court had directed her recommitment to the hospital until the further order of the court.

It is immaterial whether we take the view that the court's oversight and control of appellant continued after its action in the habeas corpus proceeding, or under the powers conferred upon it by the Mental Health Act, or under its common law powers. At common law insane persons were the particular wards of chancery: 32 C. J. 628; 14 R. C. L. 554; 10 R. C. L. 340; Kennedy v. Johnston, 65 Pa. 451, 455. In the exercise of that guarding power which the courts have over such persons as appellant, the court could release her from the hospital into the custody of her parents, if it believed, as it quite evidently did, that such a course was for her best interest and it matters not whether her release was denominated a parole or some other term. Under the Administrative Code of April 9, 1929, P. L. 177, article XXIII, section 2309 (h), pages 294, 295, (71 P. S. 195, section 599) parole of persons of unsound mind by the Department of Welfare is provided for. We can see no sound reason why a like course shall not be pursued by the courts, under their broad powers, when it is for the good of a person mentally ill. Fixing the time limit of appellant's release at five years did not take the hand of the court from her and prevent it from determining at the end of that period or at some intermediate time what was then best for her, and, therefore, the revocation of the parole order cannot be complained of successfully.

Appellant was not automatically discharged from custody by lapse of time as she contends. The reason for the twelve months' limit of time for release and recommitment does not apply to the court in exercising its power. The purpose of that provision is to prevent an official of the institution from arbitrarily reincarcerating a person who had been at large for so long a time without full and independent inquiry into his then mental state.

As to the position assumed by appellant that the court of Westmoreland County did not have jurisdiction over her because at the time she was recommitted she was not a resident of or in that county, it is sufficient to say that the court's jurisdiction over her having once attached it continued so long as the court was satisfied that her mental illness had not terminated.

On the merits of the controversy and the court's conclusion that it is for the best interests of appellant that she remain where she now is, we are not disposed to set up our judgment against that of the judge who saw her and heard the witnesses. We offer the suggestion, however, that in view of the lapse of time which has followed her recommitment it might be judicious on the court's own motion to conduct a further inquiry into her present state of mental health, at a hearing in which she and her counsel and all parties concerned shall be heard.

The order is affirmed at appellant's cost without prejudice.