## Commonwealth ex rel. Fenstersheib v. Ashe

*Robert L. Orr*, for petitioner.

*Richard A. McConnell* and *Harry B. Richardson*, for respondent.

SOHN, J., August 13, 1946.—This matter has been before the court on two previous occasions. On April 24, 1946, we dismissed a writ of habeas corpus on the ground that the court of Beaver County had no jurisdiction. On May 22, 1946, we dismissed the petition for the reason that we were of the opinion that Dr. Thomas A. Rutherford, superintendent of Farview State Hospital, had a better opportunity to observe and determine the condition of Harry Fenstersheib than had the other witnesses. Harry Fenstersheib has been confined to the Western Penitentiary since March 23, 1946, while these proceedings have been pending. On August 1, 1946, we made an order directing Dr. M. M. Mackall, and Dr. F. B. Wilson to go to the Western Penitentiary and make an examination of the mental condition of Harry Fenstersheib. At the suggestion of these physicians, we later requested Dr. J. M. Henninger to go to the Western Penitentiary and make an examination of Harry Fenstersheib. On August 12, 1946, the testimony of the three physicians was taken, and their testimony is to the effect that Harry Fenstersheib is now sane. Their last examinations were on August 3 and 9, 1946. Dr. Henninger saw and exam-

ined Harry Fenstersheib on two occasions, perhaps four and one half months apart. We, therefore, conclude, on the basis of the testimony of the three physicians, that Harry Fenstersheib is now sane, and therefore should be returned to the Western Penitentiary. The warden of the Western Penitentiary filed an answer to the petition, in which he alleges that under the provisions of section 308 of the Mental Health Act of May 28, 1937, P. L. 973, Harry Fenstersheib cannot be released from the Farview State Hospital until his recovery has been certified by the superintendent of the Farview State Hospital.

We do not think the provisions of section 308 provide the only remedy available to petitioner. The amendment to the Mental Health Act of May 28, 1937, P. L. 973, sec. 1, 50 PS §86, provides in part as follows:

"Any proper court shall have the power and authority to order and compel the discharge of any mental patient committed by such court to any mental hospital if, upon hearing, it shall be made to appear that such discharge is for the best interests of the patient and not incompatible with the public welfare and safety . . ."

From the testimony offered, we conclude that the discharge of Harry Fenstersheib from Farview State Hospital is for his best interest and such discharge would not be incompatible with the public welfare and safety. In Commonwealth ex rel. v. McKinniss, 317 Pa. 60, the Supreme Court held:

"As to the position assumed by appellant that the court of Westmoreland County did not have jurisdiction over her because at the time she was recommitted she was not a resident of or in that county, it is sufficient to say that the court's jurisdiction over her having once attached it continued so long as the court was satisfied that her mental illness had not terminated."

Upon a consideration of the acts of assembly and the testimony in this case, we conclude that we have jurisdiction under the provisions of the act of assem-

bly hereinbefore referred to, and we are of the opinion that the best interest of Harry Fenstersheib would be served by his release from Farview State Hospital, and his release would not be incompatible with the public welfare and safety.

### Order

And now, to wit, August 13, 1946, it is ordered and decreed that Harry Fenstersheib be transferred from Farview State Hospital to the Western Penitentiary.